IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOPE L. PROCACINA,           )
                             )
          Plaintiff,         )
                             )
     vs.                     )    Civil Action No. 07-6
                             )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
          Defendant.         )

O R D E R

AND NOW, this 14th day of February, 2008, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

1

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff takes issue with the conclusion of the Administrative Law Judge ("ALJ") that she had the residual functional capacity to engage in work activity widely existing in the local and national economies and was, therefore, not disabled, as defined in the Social Security Act. In particular, she challenges the ALJ's determinations at steps three and five of the sequential evaluation process. See 20 C.F.R. § 404.1520.

Plaintiff argues that the ALJ failed to find that her impairments met the criteria established for a listed impairment at step three of the sequential evaluation process. The Court finds that the ALJ properly concluded that Plaintiff's impairments did not meet the criteria for one of the Listings found at 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff plainly did not meet her burden of showing that her impairments or combination of impairments met all of the criteria set forth in Listings 1.02 or 1.04C. See Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). While Plaintiff was diagnosed with a number of disorders of the spine, including lumbar spinal stenosis (R. 175), Plaintiff presented no evidence, as required by Listing 1.04, of compromise of a nerve root or the spinal cord. Furthermore, Plaintiff presented no evidence, as required by Listing 1.04C, that her stenosis resulted in pseudoclaudication and was manifested by chronic nonradicular pain and weakness and an inability to ambulate effectively.

Regarding the ALJ's analysis at step five, Plaintiff raises three arguments: (1) the ALJ erroneously concluded that Plaintiff's testimony was not entirely credible; (2) the ALJ erroneously concluded that Plaintiff possessed the residual functional capacity for sedentary work; and (3) the ALJ's hypothetical question posed to the vocational expert ("VE") did not encompass all of Plaintiff's impairments.

First, the Court finds that the ALJ gave proper consideration to Plaintiff's testimony concerning the intensity, duration and limiting effects of the symptoms of her back impairments and depression, on which he found Plaintiff to be "not entirely credible." R. 19; see also 20 C.F.R. § 404.1529. The ALJ reached this conclusion after a careful review of Plaintiff's medical records, which did not corroborate Plaintiff's subjective testimony. R. 19-21. The ALJ found substantial evidence in the record that was inconsistent with her subjective complaints, including clinical findings, the level of Plaintiff's daily activities, the effectiveness of her pain medication, and the absence of physical therapy, hospitalization and surgery. R. 20-21.

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

                                           /s/ Maurice B. Cohill, Jr.
                                           United States District Judge
                                           (for Judge Alan N. Bloch)

ecf:       Counsel of record

---

[1](...continued)
        Second, the Court finds no merit in Plaintiff's argument that the ALJ erroneously concluded that he had the residual functional capacity to engage in a limited range of sedentary work with a sit-stand option. R. 16, 22-23; see also 20 C.F.R. § 404.1567(a) (defining "sedentary work"). In making this determination, the ALJ relied on the medical evidence and added additional limitations that took into account her back impairments and depression. R. 22-23. As outlined in Social Security Ruling 83-12, the ALJ sought and relied on the opinion of a vocational expert, who took into account Plaintiff's age, education, work experience, and residual functional capacity. R. 22-23.

        Third, the Court is unpersuaded by Plaintiff's argument regarding the ALJ's hypothetical question to the VE. Plaintiff did not identify what "specific capacity/limitations" resulting from her impairments were not included in this question.

        Substantial evidence supports the ALJ's conclusions at steps three and five of the evaluation process, and the decision of the Commissioner is affirmed.